**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000884
29-JAN-2019
08:15 AM**

NO. CAAP-17-0000884

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

WELLS FARGO BANK, N.A., Plaintiff-Appellee,
v.
RUSSEL EDWARD COLE, Defendant-Appellant,
and
WAIKOLOA VILLAGE ASSOCIATION; JOHN DOES 1-10;
JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS
1-10; DOE ENTITIES 1-10 and DOE GOVERNMENTAL UNITS 1-10,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 15-1-293K)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Reifurth and Chan, JJ.)

Defendant-Appellant Russel Edward Cole (**Cole**) appeals from the "Judgment on Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed August 6, 2015" (**Foreclosure Judgement**), entered pursuant to the "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed August 6, 2015" (**Order Granting Summary Judgment**), both filed on November 14, 2017, in favor of Plaintiff-Appellee Wells Fargo Bank, N.A. (**Wells Fargo Bank**) in the Circuit Court of the Third Circuit (**circuit court**).[1]

---

[1] The Honorable Melvin H. Fujino presided.

Cole also challenges the circuit court's "Order Denying Russel Edward Cole's Motion to Dismiss and/or for Summary Judgment on Plaintiff's Complaint" (**Order Denying Motion to Dismiss**) entered on January 12, 2017.

On appeal, Cole contends that the circuit court erred by (1) entering its Order Denying Motion to Dismiss and granting Wells Fargo Bank's Motion for Summary Judgment because this foreclosure action had already been dismissed on the merits in a previous identical action, and therefore is precluded by the doctrine of *res judicata*, and (2) granting Wells Fargo Bank's Motion for Summary Judgment because: (i) there was a genuine issue of material fact as to whether Wells Fargo Bank gave adequate notice to Cole of the alleged default; (ii) Wells Fargo Bank failed to produce admissible or properly authenticated evidence in support of its Motion for Summary Judgment, and; (iii) Wells Fargo Bank failed to meet its burden of demonstrating that it was the holder of the subject promissory note at the time the Complaint was filed, and therefore lacked standing to foreclose.

For the reasons discussed below, we vacate the Foreclosure Judgment and remand for further proceedings.

(1) We first note that the instant foreclosure action is not barred by the doctrine of *res judicita*. On appeal, Cole contends that the circuit court's "Order of Dismissal"[2] of a prior foreclosure action initiated by Wells Fargo Bank in Civil

---

[2] The circuit court's Order of Dismissal was entered pursuant to Rules of the Circuit Courts of the State of Hawai'i (**RCCH**) Rule 28 for want of service. RCCH Rule 28 provides:

> **Rule 28. Dismissal for want of service.**
>
> A diligent effort to effect service shall be made in all actions. An action or claim may be dismissed sua sponte with written notice to the parties if no service is made within 6 months after the action or claim has been filed. Such dismissal may be set aside and the action or claim reinstated by order of the court for good cause shown upon motion duly filed not later than ten (10) days from the date of the order of dismissal.

No. 13-1-00529K, which involved the same parties and subject property, amounted to a final adjudication on the merits as to Wells Fargo Bank's claims against Cole, and thus precluded the instant law suit under the doctrine of *res judicata*. However, *res judicata* does not apply here because the instant foreclosure action is based on Cole's alleged default different than was alleged in the prior action.[3]  Accordingly, the circuit court did not err in its Order Denying Motion to Dismiss because the claim at issue in the prior action was not identical to the claim in the instant foreclosure action. *Cf.* E. Sav. Bank, FSB v. Esteban, 129 Hawai'i 154, 159, 296 P.3d 1062, 1067 (2013) (explaining that a "party asserting claim preclusion has the burden of establishing that (1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question")) (emphasis added) (citation omitted).

(2)  We next address Cole's contention that the circuit court erred in granting summary judgment because Wells Fargo Bank failed to establish its standing to prosecute the instant foreclosure action.[4]  The Hawai'i Supreme Court's holdings in Bank of America, N.A. v. Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248 (2017), U.S. Bank N.A. v. Mattos, 140 Hawai'i 26, 398 P.3d

---

[3]  The Order of Dismissal of the prior foreclosure action, submitted by Cole in support of his Motion to Dismiss, was entered by the circuit court on July 7, 2014.  In its Complaint in the instant foreclosure action, Wells Fargo Bank attaches default and acceleration letters dated September 9, 2014, two months after the circuit court entered its Order of Dismissal in the prior action.  The letters indicate that Cole's loan was in default, and provides the total delinquency amount accumulated as of September 9, 2014.

[4]  We note that Cole did not waive his challenge on appeal as to Wells Fargo Bank's papers regarding its right to enforce the Note and Mortgage at the time the Complaint was filed, specifically with regards to the Moua Certification, as asserted by Wells Fargo Bank.  As noted by Cole in his Reply Brief, Cole raised the issue of Wells Fargo Bank's failure to submit admissible, authenticated evidence demonstrating its standing on multiple occasions to the circuit court.  Although Cole may not have specifically objected to the Moua Certification, an appellate court "has the independent obligation to address whether Appellants have standing to bring these claims." McDermott v. Ige, 135 Hawai'i 275, 283, 349 P.3d 382, 390 (2015) (citation omitted).

3

615 (2017) and Wells Fargo Bank, N.A. v. Behrendt, 142 Hawai'i 37, 414 P.3d 89 (2018) are dipositive as to this issue.

As explained in Reyes-Toledo, a foreclosing plaintiff must establish entitlement to enforce a subject note and its standing to foreclose on the mortgaged property at the commencement of the suit. 139 Hawai'i at 368, 390 P.3d at 1255. In its Complaint filed August 6, 2015, Wells Fargo Bank stated that it "is now the holder of the Note and is entitled to enforce it pursuant to HRS § 490:3-301." Attached to the Complaint was, inter alia, Exhibit 1, a redacted copy of a promissory note (**Note**) which indicates a promise to repay the lender Carnegie Mortgage LLC, a Limited Liability Company (**Carnegie Mortgage**). Attached to the Note was a single page "Allonge to Note" (**Allonge**), which is specially endorsed by Carnegie Mortgage to Wells Fargo Bank, and which also contains an endorsement stamp in blank by Wells Fargo Bank. Given the blank endorsement, the Note may be negotiated by transfer of possession. Id. at 370, 390 P.3d at 1257.

In support of its Motion for Summary Judgment, Wells Fargo Bank attached a "Declaration of Indebtedness" (**Tipton Declaration**), executed on January 26, 2016, by Vanna D. Tipton (**Tipton**). The Tipton Declaration attests, inter alia, that Tipton is "employed by Wells Fargo Bank, N.A.[,]" that "[a]s Vice President Loan Documentation, I access [Wells Fargo Bank's] mortgage servicing business records on a daily basis[,]" and that a "true and accurate copy of the Note as it is imaged in [Wells Fargo Bank's] system of record is attached hereto as Exhibit A." Tipton's declaration also attests that "Wells Fargo Bank, NA **is** in possession of the Promissory Note AND The Promissory Note includes an Allonge indorsed in blank." (emphasis added). Tipton's declaration, executed more than five months after the Complaint was filed, does not establish Wells Fargo Bank's standing at the time the action was commenced.

Wells Fargo Bank also relies on a "Certification of Possession of Original Promissory Note" (**Moua Certification**), executed on July 24, 2015 by Lidphay Lee Moua (**Moua**), who attests to being "Vice President Loan Documentation" of "Wells Fargo Bank, N.A." Moua asserts in the certification that "I have personally reviewed the original promissory note ("Note") at 1000 BLUE GENTIAN ROAD SUITE 300, EAGAN, MINNESOTA on 07/24/2015 AT 1:27 PM. The Note was dated DECEMBER 3, 2010 and executed by RUSSEL EDWARD COLE. A true and correct copy of the Promissory Note is attached as Exhibit A and incorporated herein by reference[]" and that "WELLS FARGO BANK, NA has possession of the Note. Except for when retrieved from the custodian, the original Note is kept by the custodian at 1015 10TH AVE SE "DOCK B" MINNEAPOLIS, MN 55414 by WELLS FARGO BANK, NA." Also attached to the Moua Certification is a copy of the Note and Allonge. Thus, Wells Fargo Bank asserts that it was in possession of the blank endorsed Note at the commencement of the instant foreclosure action.

However, under <u>Mattos</u> and <u>Behrendt</u>, the Moua Certification fails to satisfy the requirements for admitting the Note and Allonge under the Hawaii Rules of Evidence (**HRE**) Rule 803(b)(6)[5] business records exception. Moua does not attest to

---

[5] HRE Rule 803(b)6) provides:

> **Rule 803 Hearsay exceptions; availability of declarant immaterial.** The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . . .
>
> (b) Other exceptions.
>
> . . . .
>
> (6) Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made in the course of a regularly conducted activity, at or near the time of the acts, events, conditions, opinions, or diagnoses, as shown by the testimony of the custodian or other qualified witness, or by certification that complies with rule 902(11) or a statute permitting certification, unless the sources of information or other circumstances indicate lack of trustworthiness.

being the custodian of the Note and Allonge, and thus must be a "qualified witness" to establish the requirements of admissibility. Mattos, 140 Hawai'i at 30-32, 398 P.3d at 619-21; Behrendt, 142 Hawai'i at 45-46, 414 P.3d at 97-98. As such, Moua "must have enough familiarity with the record-keeping system of the business that created the record to explain how the record was generated in the ordinary course of business." Behrendt, 142 Hawai'i at 45, 414 P.3d at 97.

Moua does not attest to being familiar with the record-keeping system of the business that created the Note or Allonge. Moua also does not attest that the Note and Allonge attached to the Moua Certification were incorporated into Wells Fargo Bank's records and kept in the normal course of business, or that Wells Fargo Bank relies on the accuracy of the contents of the documents, or circumstances that otherwise indicate trustworthiness of the documents. Moreover, the Moua Certification only refers to the "original promissory note" and not the Allonge that Wells Fargo Bank asserts was used to endorse the Note. Accordingly, Moua was not a qualified witness with respect to the Note and Allonge attached to the Moua Certification and Wells Fargo Bank did not provide the foundation to admit the Note and Allonge under HRE Rule 803(b)(6).

Viewing the evidence in the light most favorable to Cole, as we must for purposes of a summary judgment ruling, there is a genuine issue of material fact as to whether Wells Fargo Bank had standing when this foreclosure action commenced. Pursuant to Reyes-Toledo, the circuit court erred in granting Wells Fargo Bank's Motion for Summary Judgment. Accordingly, we need not reach Cole's other points on appeal.

Therefore, IT IS HEREBY ORDERED that the "Judgment on Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed August 6, 2015" entered by the Circuit Court of the Third Circuit on November 14, 2017,

6

is vacated. This case is remanded to the circuit court for further proceedings consistent with this order.

DATED: Honolulu, Hawaiʻi, January 29, 2019.

On the briefs:

Gary Victor Dubin,
Katherine S. Belford,
for Defendant-Appellant.

Edmund K. Saffery,
Lauren K. Chun,
(Goodsill Anderson Quinn& Stifel)
    and
Steven T. Iwamura,
Robert M. Ehrhorn, Jr.
Ken Ohara,
Steven K. Idemoto,
(Clay Chapman Iwamura Pulice & Nervell)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge